Wyly, J.
Plaintiff appeals from the judgment rejecting his demand, $750 for five months services rendered by him in superintending the construction of a railroad depot for the Shreveport City Railroad Company, and also an account of $20 for tools and materials furnished for the work. The plaintiff was the president of the company, and the corporation promised no remuneration for his services in directing the construction of a depot.
He was in no sense a negotiorwm, gestor, and there was no implied contract between him and the company. He was the president acting within the scope of his authority iu directing the construction of the work. He had no right, however, to employ himself as a master builder, and expect a good salary. He could not put his duty as president in conflict with his private interest, in getting a good situation *642 as builder at a good salary. Prom the evidence, we are satisfied that when the company authorized him to direct the construction of .the work no salary as master builder .was expected to be paid¿ When plaintiff undertook to perform for the company a service not strictly within the sphere of his duties as president, he should have required a stipulation for remuneration for said service if he expected it from the company.
In regard to the expenses for constructing the depot there was a full settlement between plaintiff and defendants, and if the account of $20 is valid, it should have been embraced in that settlement, there being no allegation ot error in said settlement.
Judgment affirmed.